MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace
60 East 42nd Street, Suite 2020
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*





**15 CV 3208**

JUDGE SULLIVAN

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

ABEL CHOLULA and REYNALDO
FLORES, *individually and on behalf of others
similarly situated,*

                    *Plaintiffs,*

          -against-

34 MIDTOWN DELI, INC. (d/b/a MIDTOWN
DELI), BYUNG HYUN YIN and HELEN
DOE,

                    *Defendants.*
-------------------------------------------------------X

**Complaint**

**Collective Action under 29 U.S.C. §
216(b)**

**ECF Case**

          Abel Cholula and Reynaldo Flores ("Plaintiffs"), individually and on behalf of others

similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C., upon

their knowledge and belief, and as against 34 Midtown Deli, Inc. (d/b/a Midtown Deli), Byung

Hyun Yin and Helen Doe (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

          1.          Plaintiffs are former employees of Defendants 34 Midtown Deli, Inc. (d/b/a

Midtown Deli), Byung Hyun Yin and Helen Doe.

          2.          Defendants own, operate, and/or control a deli/grocery located at 322 East 34th

Street, New York, New York 10016 under the name Midtown Deli.

1

3.      Plaintiffs were employed by defendants as a cook and assistant cook.

4.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours they worked each week. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs (and similarly situated employees) appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium.

5.      Further, Defendants failed to pay Plaintiffs (and similarly situated employees) the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

6.      Defendants' conduct extended beyond the Plaintiffs to all other similarly situated employees. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

7.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

8.     Plaintiffs now seek certification of this action as a collective action on behalf of themselves, individually, and of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

10.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

11.     Abel Cholula ("Plaintiff Cholula" or "Mr. Cholula") is an adult individual residing in Queens County, New York. He was employed by Defendants from approximately 2004 until on or about December 2014.

12.     Reynaldo Flores ("Plaintiff Flores" or "Mr. Flores") is an adult individual residing in New York County, New York. He was employed by Defendants from approximately May 2011 until on or about February 13, 2015.

*Defendants*

13.     At all times relevant to this Complaint, Defendants own, operate, and/or control a deli/grocery located at 322 East 34th Street, New York, New York 10016, under the name Midtown Deli.

3

14.     Upon information and belief, 34 Midtown Deli, Inc. ("Defendant Corporation" or "Midtown Deli") is a domestic corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 322 East 34th Street, New York, New York 10016.

15.     Defendant Byung Hyun Yin is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Byung Hyun Yin is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

16.     Upon information and belief, Defendant Byung Hyun Yin possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

17.     Defendant Byung Hyun Yin determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

18.     Defendant Helen Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Helen Doe is sued individually in her capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

19.     Upon information and belief, Defendant Helen Doe possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

20.     Defendant Helen Doe determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a deli/grocery under the name "Midtown Deli," located in the Kips Bay section of Manhattan.

22.     Upon information and belief, individual defendant Byung Hyun Yin possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

23.     Upon information and belief, individual defendant Helen Doe possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. § 201 *et seq.* and the NYLL.

5

27.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

28.     Upon information and belief, individual Defendants Byung Hyun Yin and Helen Doe operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves by, among other things:

      a.   failing to adhere to the corporate formalities necessary to operate the Defendant Corporation as a separate and legally distinct entity;

      b.   defectively forming or maintaining the Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

      c.   transferring assets and debts freely as between all Defendants;

      d.   operating Defendant Corporation for their own benefit as the sole or majority shareholders;

      e.   operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely held controlled entity;

      f.   intermingling assets and debts of their own with Defendant Corporation;

      g.   diminishing and/or transferring assets to protect their own interests; and

      h.   other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for their services.

6

30.     In each year from 2009 to the present, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce.  For example, numerous items that were used and sold daily at Midtown Deli, such as fruits, beverages and cleaning supplies, were produced outside the state of New York.

## *Plaintiffs*

32.     Plaintiffs are former employees of Defendants, who were employed as a cook and assistant cook.

33.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

## *Plaintiff Abel Cholula*

34.     Plaintiff Cholula was employed by Defendants from approximately 2004 until on or about December 2014.

35.     Throughout his employment with defendants, Plaintiff Cholula was employed as a cook.

36.     Plaintiff Cholula regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

37.     Plaintiff Cholula's work duties required neither discretion nor independent judgment.

38.     Plaintiff Cholula regularly worked in excess of 40 hours per week.

39.     From approximately April 2004 until on or about December 2014, Plaintiff Cholula worked from approximately 6:00 a.m. until on or about 4:00 p.m., Mondays through Fridays, and from approximately 8:00 a.m. until on or about 1:00 p.m. on Saturdays (typically 55 hours per week).

40.     Throughout his employment with defendants, Plaintiff Cholula was paid his wages in cash.

41.     From approximately April 2004 until on or about 2012, Plaintiff Cholula was paid a fixed salary of $500 per week.

42.     From approximately 2012 until on or about October 2014, Plaintiff Cholula was paid a fixed salary of $550 per week.

43.     In approximately October 2014, Plaintiff Cholula stopped working for Defendants for approximately one week.

44.     Upon his return in October 2014 until approximately December 2014, Plaintiff Cholula was paid a fixed salary of $700 per week.

45.     Plaintiff Cholula's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

46.     Defendants provided Plaintiff Cholula with a meal break but would deduct the time he spent on his break from his pay. However, Plaintiff Cholula was required to work through his break period approximately three times per week.

47.     Further, Defendants did not provide Plaintiff Cholula with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

48.     Plaintiff Cholula was not required to keep track of his time, nor to his knowledge

8

did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

49.     For a period of approximately one week in 2014, Plaintiff Cholula was required to write down his start and stop times on a sheet of paper, however, that was not continued beyond that one week.

50.     No notification, either in the form of posted notices or other means, was given to Plaintiff Cholula regarding overtime and wages under the FLSA and NYLL.

51.     Defendants never provided Plaintiff Cholula with each payment of wages a statement of wages, as required by NYLL 195(3).

52.     Defendants never provided Plaintiff Cholula, any notice in English and in Spanish (Plaintiff Cholula's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Reynaldo Flores*

53.     Plaintiff Flores was employed by Defendants from approximately May 2011 until on or about February 13, 2015.

54.     Throughout his employment with defendants, Plaintiff Flores was employed as an assistant cook and as a cook for one week at the end of his employment.

55.     Plaintiff Flores regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

56.     Plaintiff Flores' work duties required neither discretion nor independent judgment.

57.     Plaintiff Flores regularly worked in excess of 40 hours per week.

58.     From approximately May 2011 until on or about February 13, 2015, Plaintiff

Flores worked from approximately 6:00 a.m. until on or about 4:15 p.m., Mondays through

Fridays (typically 51.25 hours per week).

59.     Throughout his employment with defendants, Plaintiff Flores was paid his wages

in cash.

60.     From approximately May 2011 until on or about May 2012, Plaintiff Flores was

paid a fixed salary of $350 per week.

61.     From approximately May 2012 until on or about January 2015, Plaintiff Flores

was paid a fixed salary of $400 per week.

62.     For approximately the first three weeks of January 2015, Plaintiff Flores was paid

a fixed salary of $550 per week.

63.     For approximately the last three weeks of Plaintiff Flores' employment with

Defendants, until February 13, 2015, he was paid a fixed salary of $600 per week.

64.     Plaintiff Flores' pay did not vary even when he was required to stay later or work

a longer day than his usual schedule.

65.     For example, Plaintiff Flores was required to work an additional 15 minutes every

day past his departure time and he was not compensated for the additional time worked.

66.     Defendants provided Plaintiff Flores with a meal break but would deduct the time

he spent on his break from his pay. However, Plaintiff Flores was required to work through his

break period approximately three times per week.

67.     Prior to 2013 Plaintiff Flores was not required to keep track of his time, nor to his

knowledge did the Defendants utilize any time tracking device such as punch cards, that

accurately reflected his actual hours worked.

10

68.     Plaintiff Flores was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

69.     Defendants would sometimes require Plaintiff Flores to enter his start and stop times for an entire week on a sheet of paper on the day when he was paid, however, this practice was not consistently done.

70.     Further, Defendants did not provide Plaintiff Flores with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

71.     No notification, either in the form of posted notices or other means, was given to Plaintiff Flores regarding overtime and wages under the FLSA and NYLL.

72.     Defendants never provided Plaintiff Flores with each payment of wages a statement of wages, as required by NYLL 195(3).

73.     Defendants never provided Plaintiff Flores, any notice in English and in Spanish (Plaintiff Flores' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

74.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs, and all similarly situated employees, to work in excess of 40 hours per week without paying them appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

75.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

76.     Plaintiffs were victims of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

77.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

78.     Defendants failed to post required wage and hour posters in the workplace, and did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

79.     Defendants did not provide Plaintiffs with any document or other statement accurately accounting for their actual hours worked, and setting forth rate of minimum wage and overtime wage.

80.     Plaintiffs were paid their wages entirely in cash.

81.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

82.     Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

12

83.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

84.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

85.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

86.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

87.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

88.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

89.     The claims of Plaintiffs stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

90.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

91.     At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

92.     Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), controlled their terms and conditions of employment, and determined the rate and method of any compensation.

93.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

14

94.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

95.     Defendants failed to pay Plaintiffs (and the FLSA class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

96.     Defendants' failure to pay Plaintiffs (and the FLSA class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

97.     Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

98.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

99.     Defendants, in violation of the FLSA, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

100.    Defendants' failure to pay Plaintiffs (and the FLSA class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

101.    Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the New York Minimum Wage Act)

102.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

104. Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

105. Defendants, in violation of the NYLL, paid Plaintiffs (and the FLSA class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

106. Defendants' failure to pay Plaintiffs (and the FLSA class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

107. Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
**(Violation of the Overtime Provisions of the New York Labor Law)**

108. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

109. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiffs (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

110. Defendants failed to pay Plaintiffs (and the FLSA class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

111. Defendants' failure to pay Plaintiffs (and the FLSA class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

112. Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

16

**(Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)**

113.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114.     Defendants failed to pay Plaintiffs (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009).

115.     Defendants' failure to pay Plaintiffs (and the FLSA class members) an additional hour's pay for each day Plaintiffs' (and the FLSA class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

116.     Plaintiffs (and the FLSA class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiffs and the FLSA class members;

(f)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the members of the FLSA Class;

(k)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs and the FLSA class members;

(m)     Awarding Plaintiffs and the FLSA class members damages for the amount of

18

unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(p)     Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        April 23, 2015

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____
    Michael Faillace, Esq.
    60 East 42nd Street, Suite 2020
    New York, New York 10165
    Telephone: (212) 317-1200
    Facsimile: (212) 317-1620

19

*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 30, 2015

**BY HAND**

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          **Abel Cholula**

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                                30 de marzo de 2015

# Michael Faillace & Associates, P.C.

**Employment and Litigation Attorneys**

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———

Faillace@employmentcompliance.com

February 19, 2015

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                **Reynaldo Flores**
                              **2 Thayer St.**
Address / Direccion:          **Apt. 2f**
                              **New York, Ny 10040**


Legal Representative / Abogado:        Michael Faillace & Associates, P.C.


Signature / Firma:

Date / Fecha:                          19 de febrero de 2015